# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# BIRMINGHAM DIVISION

| | |
|---|---|
| IN RE: <br><br> EDDIE J. STEWART, <br><br>          Debtor. | Case No. 12-05016-TOM-13 <br> Chapter 13 <br><br> Judge Tamara O. Mitchell |

### RESPONSE TO DEBTOR'S APPLICATION FOR ENTRY OF DEFAULT

COMES NOW, Selene Finance, LP ("Selene"), and files this Response to the Debtor's Application for Entry of Default [Doc. 82] and Motion for Contempt [Doc. 74], respectfully showing this Honorable Court as follows:

1. On April 6, 2018, Debtor Eddie J. Stewart filed a Motion for Contempt and for Sanctions against Selene ("Motion for Contempt"). [Doc. 74]. The Certificate of Service of the Motion for Contempt was made on the Chapter 13 Trustee and the undersigned. *See id.* at p. 2.

2. This Court scheduled a Status Conference on the Motion for Contempt for April 30, 2018. [Doc. 76]. At the Status Conference, Robert Keller (the Debtor's attorney) said that he had contacted Rubin Lublin, LLC, and at that time, the firm had not been retained to represent Selene with respect to the Motion for Contempt. Judge Mitchell responded that the matter was set only on a status conference and both the Court and Debtor's counsel agreed to continue the status conference until June 13, 2018. *See* [Doc. 78] (audio file). Following the hearing, this Court entered an Order continuing the status conference and stating that "if Selene Finance has obtained counsel, a notice of appearance should be filed in the main case." [Doc. 79]. The undersigned has since filed a Notice of Appearance. [Doc. 83].

3. On May 29, 2018, the Debtor filed an Application for Entry of Default. [Doc. 82]. The Application "requests the Clerk to enter a default judgment against the Creditor/Defendant

1

Selene Finance, LP on the basis that the record demonstrates that there has been a failure to plead or otherwise defend as provided by Rule 7055(a) of the Federal Rules of Bankruptcy Procedure."

4. The Debtor is incorrect in believing he can obtain a default judgment and his request must be denied. Under Fed. R. Bankr. P. 9006(d), "a written response [to a motion] shall be served not later than one day before the hearing, unless the court permits otherwise." *See also* Fed. R. Bankr. P. 9014(b); *In re Freeman*, 540 B.R. 129, 135 n.7 (Bankr. E.D. Pa. 2015). There is no local rule or order entered in this case that alters this deadline. Since the hearing on the Motion for Contempt has not even been scheduled yet (only a status conference that is set for June 13), Selene has not missed any deadline to respond and a default is improper.

5. Moreover, the Debtor cannot obtain a default judgment (as he requested) by application to the Clerk. Under Fed. R. Civ. P. 55(b)(1), the Clerk can enter a default judgment only "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation . . . ." Furthermore, the request must be accompanied by "an affidavit showing the amount due . . . ." *Id.* "In all other cases, the party must apply to the court for a default judgment." *Id.* Here, the Debtor has not sought a sum certain or contended that he is seeking a sum that can be made certain by computation. There is also no affidavit accompanying the Application for Entry of Default. Therefore, the Debtor cannot obtain a default judgment from the Clerk.

6. Even if the Debtor was only requesting an entry of default under Rule 55(a), that request is still improper. First, the failure to plead must be "shown by affidavit or otherwise . . . ." The Debtor has not made any such showing in his application, nor could he. Second, there has not been proper service of the Motion for Contempt. Service of the Motion for Contempt was made on Selene only though the undersigned. Under Fed. R. Bankr. P. 9014(b), "[t]he motion

2

shall be served in the manner provided for service of a summons and complaint by Rule 7004 . . . ." A limited partnership, such as Selene, must be served under Rule 7004(b)(3), "by mailing a copy of the [motion] to the attention of an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process . . . ."

7. Although the undersigned requested "notice of all motions and pleadings filed in this action" (the entire bankruptcy case) [Docs. 62, 63], "[a]s a general rule, 'an attorney, solely by reason of his capacity as an attorney, does not thereby become his client's agent authorized by 'appointment . . . to receive service of process.' What is necessary is that it appear that the attorney was authorized, either expressly or impliedly, to receive service of process for his client." *In re Roussopoulos*, 198 B.R. 33, 39 (Bankr. E.D.N.Y. 1996) (quoting *U.S. v. Bosurgi*, 343 F. Supp. 815, 817-18 (S.D.N.Y. 1972)) (citation omitted); *see also In re Rae*, 286 B.R. 675, 677 (Bankr. N.D. Ind. 2002) (collecting cases). There is nothing on the docket here indicating that the undersigned has the authority to accept service of process on behalf of Selene, and the request for notice filed by the undersigned "entitled [the attorney] to receive Rule 2002 notices; but it does not designate the attorney to receive service of process in a contested matter on [the client's] behalf . . . ." *In re Rushton*, 285 B.R. 76, 79 (Bankr. S.D. Ga. 2002). Therefore, there has not been proper service of the Motion for Contempt on Selene and a default would be improper. Accordingly, the Application for Entry of Default must be denied.

WHEREFORE, Selene respectfully requests that this Court deny the Debtor's Application for Entry of Default [Doc. 82].

3

Case 12-05016-TOM13    Doc 84    Filed 05/30/18    Entered 05/30/18 07:33:10    Desc Main
Document    Page 3 of 4

Respectfully submitted, this 30th day of May, 2018.

    */s/ Amanda M. Beckett*
    AMANDA M. BECKETT
    ASB-1884-N75B
    **RUBIN LUBLIN, LLC**
    428 North Lamar Blvd., Suite 107
    Oxford, Mississippi 38655
    (601) 398-0153 (Telephone)
    (404) 921-9016 (Facsimile)
    abeckett@rubinlublin.com
    *Attorney for Selene Finance, LP*

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this 30th day of May 2018, filed the within and foregoing by CM/ECF, which will serve notice on all parties. Additionally, I have served a true and correct copy of the within and foregoing by U.S. First Class Mail, postage prepaid, to the following:

Joe S. Erdberg
Jaffe & Erdberg, PC
205 20th Street North, Suite 817
Birmingham, AL 35203

Robert C. Keller
Russo, White & Keller
315 Gadsden Highway, Suite D
Birmingham, AL 35235

Bradford W. Caraway
Chapter 13 Standing Trustee
P.O. Box 10848
Birmingham, AL 35202

    */s/ Amanda M. Beckett*
    AMANDA M. BECKETT

4